```
                                              FILED
                                         IN CLERK'S OFFICE
                                      U.S. DISTRICT COURT E.D.N.Y.
```

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

★ MAY 08 2018 ★

LONG ISLAND OFFICE

―――――――――――――――――――――― x

ANNMARIE AVILA, individually and on behalf of all others similarly situated,

                Plaintiff,

*vs.*

RELIANT CAPITAL SOLUTIONS, LLC, an Ohio Limited Liability Company; and JOHN AND JANE DOES NUMBERS 1 THROUGH 10,

                Defendants.

―――――――――――――――――――――― x

CASE NO.:

**CV18 2718**

**CLASS ACTION**

**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**DEMAND FOR JURY TRIAL**

**SPATT, J.**

**LINDSAY, M.J.**

## I. PRELIMINARY STATEMENT

1.    Plaintiff, ANNMARIE AVILA, on behalf of herself and all others similarly situated, brings this action for the illegal practices of Defendants, RELIANT CAPITAL SOLUTIONS, LLC, ("RELIANT") and JOHN AND JANE DOES NUMBERS 1 THROUGH 10 (collectively, "Defendants") who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with their attempts to collect an alleged debt from the Plaintiffs and other similarly situated consumers.

2.    Plaintiff alleges that Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

3.    Such collection practices include, *inter alia*, sending consumers written communications in an attempt to collect debts, which falsely state the consumers' alleged defaulted and charged-off debts are continuing to accrue daily interest, late charges, and other charges.

4.    The FDCPA regulates the behavior of collection agencies attempting to collect a

-1-

debt on behalf of another. The U.S. Congress, finding evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

5. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

6. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); the threat to take any action that cannot legally be taken or that is not intended to be taken, 15 U.S.C. § 1692e(5); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

7. The FDCPA at 15 U.S.C. § 1692f, outlaws the use of unfair or unconscionable means to collect or attempt to collect any debt and names a non-exhaustive list of certain *per se* violations of unconscionable and unfair collection conduct. 15 U.S.C. §§ 1692f (1)-(8).

8.   The Plaintiff, on behalf of herself and all others similarly situated, seeks statutory damages, actual damages, punitive damages, declaratory relief, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes.

## II. PARTIES

9.   ANNMARIE AVILA is a natural person.

10.   At all times relevant to this lawsuit, ANNMARIE AVILA is a citizen of, and resides in, the Village of Rockville Centre, Nassau County, New York.

11.   At all times relevant to this complaint, RELIANT is a limited liability company existing pursuant to the laws of the State of Ohio.

12.   RELIANT maintains its principal business address at, 670 Cross Pointe Road, Gahanna, Franklin County, Ohio.

13.   Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 10, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

14.   Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 10, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw the violative policies and procedures used by the employees of RELIANT that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by RELIANT and, therefore, are personally liable for all of the wrongdoing

alleged in this Complaint.

### III. JURISDICTION & VENUE

15. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337.

16. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiffs' claims occurred within this federal judicial district, and because the Defendants are each subject to personal jurisdiction in the State of New York at the time this action is commenced.

### IV. FACTS CONCERNING PLAINTIFF

17. ANNMARIE AVILA allegedly incurred a financial obligation to for a personal student loan ("Debt.")

18. The Debt arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

19. RELIANT also contends the Debt is in default and the amount due had been accelerated in full by the creditor.

20. The alleged Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

21. ANNMARIE AVILA is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

22. Sometime prior to December 19, 2017 the creditor of the Debt either directly or through intermediate transactions, assigned, placed, the transferred, the debt to RELIANT for

collection.

23. RELIANT collects, and attempts to collect, defaulted debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. mail, telephone, and Internet.

24. RELIANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

25. On or about December 19, 2017, RELIANT mailed a collection letter to Plaintiff concerning the Debt. ("12/19/2017 Letter"). A true and correct copy of the 12/19/2017 Letter is attached hereto as *Exhibit A*, except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers and Plaintiff's home address in an effort to protect Plaintiff's privacy.

26. The 12/19/2017 Letter was mailed, or caused to be mailed, by persons employed by RELIANT as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

27. The 12/19/2017 Letter was mailed to Plaintiff in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

28. The 12/19/2017 Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

29. Page One of the 12/19/2017 Letter falsely states that, "[b]ecause of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater."

30. Plaintiff is informed and believes, and on that basis alleges, that there are no "late charges and other charges that may vary from day to day" regarding the Debt.

31. Neither RELIANT nor the creditor of the Debt may legally or contractually impose late charges on Plaintiff's Debt.

32. The creditor of the Debt does not, did not, and never will, add late charges to the

debt RELIANT sought to collect.

33. RELIANT does not, did not, and never will, add late charges to Plaintiff's Debt.

34. Neither RELIANT nor the creditor of Plaintiff's Debt may legally or contractually impose other charges on the Debt.

35. The creditor of the Debt does not, did not, and never will, add other charges to the debt RELIANT sought to collect from Plaintiff.

36. RELIANT does not, did not, and never will, add other charges to the Debt

37. The disclaimer on *Exhibit A* is materially false, deceptive, and misleading in that, *inter alia*, it falsely suggests to unsophisticated consumers that the amount of their debts will increase due to an undisclosed amount of "late charges and other charges" that "vary from day to day."

38. The disclaimer on *Exhibit A* is materially false, deceptive, and misleading in that, *inter alia*, it states the consumer will owe an additional undisclosed sum of money after payment is tendered to RELIANT.

39. The 12/19/2017 Letter deprived Plaintiff of truthful, non-misleading, information in connection with RELIANT's attempt to collect a debt.

### V. POLICIES AND PRACTICES COMPLAINED OF

40. It is Defendants' policy and practice to engage in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by sending consumers letters, such as *Exhibit A*, that falsely state the consumers' debts will continue to accrue interest, late charges and other charges.

41. On information and belief Defendants' collection letters, in the form attached as

*Exhibit A*, were mailed to at least 50 natural persons in the State of New York.

## VI. CLASS ALLEGATIONS

42. Plaintiff brings this claim on behalf of a class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

43. This claim is brought on behalf of a Class of all persons to whom RELIANT mailed a written communication in the form of *Exhibit A*, using an address in the State of New York, during the period of March 9, 2017 through March 30, 2018, which sought to collect a defaulted student loan whose balance had been accelerated, and which stated "Because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater."

44. The identities of all class members are readily ascertainable from the records of RELIANT and those entities on whose behalf it attempts to collect debts.

45. The Class claims include all claims the Class members may have for a violation of the FDCPA based on a letter from RELIANT substantially in the same form as *Exhibit A*.

46. There are questions of law and fact common to the Class, which common issues predominate over any issues involving only individual class members. The principal issues whether the Defendants' written communications to consumers, in the form attached as *Exhibit A*, violates 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692g(a)(1).

47. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

48. The Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any

interests, which might cause them not to vigorously pursue this action.

49. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

35 **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Class defined above are so numerous that joinder of all members would be impractical.

35 **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendants' written communications to consumers, in the form attached as *Exhibit A*, violates 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692g(a)(1)..

1 **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

1 **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

1. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

50. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

51. Based on discovery and further investigation (including, but not limited to, RELIANT's disclosure of class size and net worth), Plaintiff may, in addition to moving for class certification using modified definitions of the class, class claims, and the class period, and/or seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4). Such modified definitions may be more expansive to include consumers excluded from the foregoing definitions but who were mailed a letter using substantially the same form or template as was used to create the 12/19/2017 Letter mailed to Plaintiff.

### VII. FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST ALL DEFENDANTS)

52. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

53. The RELIANT violated the FDCPA. RELIANT's violations with respect to its written communications in the form attached as *Exhibit A* include, but are not limited to, the following:

- 53 Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

- 53 Making false, deceptive, and misleading representations concerning the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

- 53 Making false threats to take action that cannot legally be taken and/or that is not intended to be taken in violation of 15 U.S.C. §§ 1692e and 1692e(5);

- 53 Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10); and

- 53 Failing to provide the amount of the debt in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692g(a)(1).

## VIII. PRAYER FOR RELIEF

54. WHEREFORE, Plaintiff respectfully requests the Court enter judgment in her favor and in favor of the Class as follows:

A. **For the FIRST CAUSE OF ACTION:**

55 An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure including, but not

  limited to, defining the Class, the class claims, appointing Plaintiffs as the class representatives, and the undersigned counsel to represent the Class;

- An award of statutory damages for Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

- An incentive award for Plaintiff, to be determined by the Court, for Plaintiff's services to the Class;

- Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

- For such other and further relief as may be just and proper.

### IX. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

DATED: Uniondale, New York
    May 7, 2018

            _____
            Abraham Kleinman (AK-6300)
            Kleinman LLC
            626 RXR Plaza
            Uniondale, NY 11556-0626
            Telephone: (516) 522-2621
            Facsimile: (888) 522-1692
            E-Mail: akleinman@kleinmanllc.com

            *Attorney for Plaintiff, Annmarie Avila, and all others similarly situated*

# EXHIBIT A

PO Box 307290
Gahanna, OH 43230

| ACCOUNT NO | PRINCIPAL BAL | INTEREST |
|---|---|---|
| ~~~~~~~ | $24,191.55 | $2,470.17 |
| PENALTY CHARGES | FEES & COSTS | CURRENT BAL |
| $0.00 | $6,489.46 | $33,151.18 |
| DO NOT SEND CASH. | AMOUNT PAID: | |

MAKE CHECKS PAYABLE TO: U.S. DEPARTMENT OF EDUCATION.
SHOW YOUR SOCIAL SECURITY NUMBER ON YOUR CHECK.
RETURN THIS PORTION WITH YOUR PAYMENT.
SEND PAYMENT TO:

1 MB  *A-01-35K-BM-02647-14

ANNMARIE AVILA

U.S. DEPARTMENT OF EDUCATION
NATIONAL PAYMENT CENTER
PO BOX 105028
ATLANTA GA 30348-5028

4  400000000374  0000000610  00000610        4  400000000374  0012192017  33151182

---

PLEASE DETACH AND RETURN TOP PORTION WITH YOUR PAYMENT                    12/19/2017

Dear ANNMARIE AVILA,

This notice regarding your defaulted student loan or grant overpayment debt held by the U.S. Department of Education is from Reliant Capital Solutions, LLC. The Department has placed your account with us for collection.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.

Call or write our office, at the phone number or address below, regarding your intentions to resolve this debt.  This address is for correspondence only. Do not send payment to this address.

As of the date of this letter, you owe $33,151.18. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call (877) 404-8853.

Reliant Capital Solutions, LLC
PO Box 307290
Gahanna, OH 43230

Our business hours are: Monday-Thursday 8am-7pm and Friday 8am-5pm (ET).

**This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.**

Update your communication preferences by visiting http://www.reliantcapitalsolutions.com/consent/.

Telephone calls with Reliant Capital Solutions, LLC are monitored and recorded for quality and training purposes.

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:

1. the use or threat of violence;
2. the use of obscene or profane language; and
3. repeated phone calls made with the intent to annoy, abuse, or harass.

**ACCOUNT INFORMATION**
Re: US DEPARTMENT OF EDUCATION
Name: ANNMARIE AVILA
File #: ~~~~~~~
Total Balance As Of 12/19/2017: $33,151.18

**OFFICE HOURS**
Monday - Thursday
8:00am - 7:00pm Eastern Time
Friday
8:00am - 5:00pm Eastern Time

**PAYMENT OPTIONS**
Check by Phone
(877) 404-8853
Debit Cards

396920 72A                     Notice: See Reverse Side for Important Information                     Page 1 of 2

## NOTE CHANGES ONLY

FIRST NAME [ ] MI [ ]
LAST NAME [ ]
ADDRESS [ ]
CITY [ ] HOME PHONE [ ]-[ ]-[ ]
STATE [ ] ZIP [ ]-[ ] WORK PHONE [ ]-[ ]-[ ]

Send Payment To:

U.S. DEPARTMENT OF EDUCATION
NATIONAL PAYMENT CENTER
PO BOX 105028
ATLANTA GA 30348-5028

---

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:
1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans' benefits;
10. Federal student loans, federal student grants, and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last sixty days.

## ACCOUNT INFORMATION

| Account # | Principal | Interest | Collection Costs | Other Charges | Balance |
|---|---|---|---|---|---|
| 000000008■■■■■■ | $24,191.55 | $2,470.17 | $6,489.46 | $0.00 | $33,151.18 |

Page 2 of 2