**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
ANNMARIE AVILA, individually and on behalf
of all others similarly situated,

      Plaintiff,

   -against-

RELIANT CAPITAL SOLUTIONS, LLC, an
Ohio Limited Liability Company; and JOHN
AND JANE DOES NUMBERS 1 THROUGH
10,

      Defendants.
----------------------------------------------------------X

**MEMORANDUM OF
DECISION & ORDER**
2:18-cv-2718 (ADS)(ARL)

**APPEARANCES:**

**Kleinman, LLC**
*Co-Counsel for the Plaintiff*
626 RXR Plaza
Uniondale, NY 11556
  By: Abraham Kleinman, Esq., Of Counsel

**Stern Thomasson LLP**
*Co-Counsel for the Plaintiff*
150 Morris Avenue
Springfield, NJ 07081
  By: Philip D. Stern, Esq.,
    Andrew T. Thomasson, Esq., Of Counsel

**Barron & Newburger, P.C.**
*Counsel for the Defendants*
30 South Main Street
New City, NY 10956
  By: Arthur Sanders, Esq., Of Counsel

**SPATT, District Judge**:

  The Plaintiff, Annmarie Avila, ("Avila" or the "Plaintiff") initiated this putative class action against Reliant Capital Solutions, LLC ("Reliant") as well as unidentified natural person

1

and/or business entities ("John and Jane Does") (collectively, the "Defendants"), for damages stemming from alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C., 1692 *et seq*. ("FDCPA"). The Plaintiff contends that Reliant attempted to collect a defaulted student loan debt using a debt collection letter (the "Letter") which falsely stated that the amount owed may increase due to interest, late charges, and other charges.

Presently before the Court is a motion by Reliant, pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 12(b)(6) to dismiss the Plaintiff's entire complaint. For the following reasons, Reliant's motion to dismiss pursuant to Rule 12(b)(6) is granted in part.

## I. BACKGROUND

### A. The Factual Background

Unless otherwise noted, the following salient facts are drawn from the complaint and are construed in favor of the Plaintiff.

The Plaintiff, a natural person, is the recipient of the Letter. Avila resides in Rockville Center, New York.

Reliant is a debt collection agency and limited liability company that exists pursuant to the laws of the State of Ohio. Its principal place of business is 670 Cross Pointe Road in Gahanna, Ohio.

Prior to December 19, 2017, the Plaintiff defaulted on her federal student loan (the "Debt"). The Debt was subsequently placed with Reliant for collection.

On or about December 19, 2017, Reliant sent the Letter to the Plaintiff in an attempt to collect an outstanding debt of $33,151.18. The principal balance was listed at $24,191.55, the interest as $2,470.17, and fees & costs as $6,489.46. The Letter noted that the Plaintiff had not accrued any penalty charges. Further, the Letter stated, in pertinent part:

2

> As of the date of this letter, you owe $33,151.18. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call (877) 404-8853.

Specific instructions were provided for submitting payment to Reliant.

### B. The Procedural Background

On May 8, 2018, the Plaintiff commenced this action against the Defendants by filing a complaint.

The present motion in this action was filed on June 22, 2018 by Reliant seeking to dismiss the entire complaint in this action, pursuant to Rule 12(b)(6).

## II. DISCUSSION

### A. Standard of Review

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the Plaintiff. *See, e.g.*, *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016); *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013); *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Bold Elec., Inc. v. City of New York*, 53 F.3d 465, 469 (2d Cir. 1995); *Reed v. Garden City Union Free Sch. Dist.*, 987 F. Supp. 2d 260, 263 (E.D.N.Y. 2013).

Under the *Twombly* standard, the Court may only dismiss a complaint if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The Second Circuit has expounded that, after *Twombly,* the Court's inquiry under Rule 12(b)(6) is guided by two principles:

3

> First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and [d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to survive a motion to dismiss. FED. R. CIV. P. 8(a)(2). Under Rule 8, a complaint is not required to allege "detailed factual allegations." *Kendall v. Caliber Home Loans, Inc.*, 198 F. Supp. 3d 168, 170 (E.D.N.Y. 2016) (quoting *Twombly*, 550 U.S. at 555). "In ruling on a motion pursuant to FED. R. CIV. P. 12(b)(6), the duty of a court 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (quoting *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998)). The Court "[is] not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

**B.  Fair Debt Collection Practices Act**

"Congress enacted the FDCPA 'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Vincent v. The Money Store*, 736 F.3d 88, 96 (2d Cir. 2013) (quoting 15 U.S.C. § 1692(e)); *see also Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002) (noting that the purpose of the FDCPA is "to protect consumers from deceptive or harassing actions taken by debt collectors"). Under the FDCPA, "any debt collector who fails to comply with

any provision of [§ 1692] with respect to any person is liable to such person[.]" 15 U.S.C. § 1692k(a). The act "imposes civil liability on 'debt collector[s]' for certain prohibited debt collection practices." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 573, 130 S. Ct. 1605, 176 L. Ed. 2d 519 (2010).

With regard to FDCPA claims that are based solely on a debt collection letter from a debt collection agency to a consumer, the claim may be dismissed at the pleadings stage. *See Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2005).

In order to successfully state a claim under the FDCPA, "(1) the plaintiff must be a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, and (2) the defendant collecting the debt is considered a 'debt collector,' and (3) the defendant has engaged in any act or omission in violation of FDCPA requirements." *Schuh v. Druckman & Sinel, L.L.P.*, 751 F. Supp. 2d, 542, 548 (S.D.N.Y. 2010) (internal citations omitted); *Polanco v. NCO Portfolio Mgmt., Inc.*, 132 F. Supp. 3d 567, 578 (S.D.N.Y. 2015) (same).

Second Circuit courts evaluate FDCPA claims based upon how the "least sophisticated consumer" would understand the communication at issue. *See Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). "FDCPA protection 'does not extend to every bizarre or idiosyncratic interpretation of a collection notice' and courts should apply the [least sophisticated consumer] standard 'in a manner that protects debt collectors against liability for unreasonable misinterpretations of collection notices.'" *Easterling v. Collecto, Inc.*, 692 F.3d 229, 233-34 (2d Cir. 2012) (per curiam) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)). Thus, the Court will evaluate how the least sophisticated consumer would view the Letter.

## C. As to the First Cause of Action

Reliant argues that the Plaintiff fails to successfully allege a claim under various provisions of 15 U.S.C. § 1692e or 15 U.S.C. § 1692g(a)(1) because the language complained of in the Letter has already been expressly approved by the Second Circuit in *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. 2016), a case where Avila was also a plaintiff. Specifically, the Plaintiff contends that the statement "[b]ecause of interest, late charges, and other charges that may vary day to day, the amount due on the day you pay may be greater[,]" is false, deceptive and misleading.

Section 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with any debt." 15 U.S.C. § 1692e. There are sixteen subsections that contain a non-exhaustive list of banned practices. As a result, a practice can still violate § 1692e even if it is not included in the statute. "[A] collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996) (internal citations omitted). This would violate the "least sophisticated consumer" standard. *See Clomon*, 988 F.2d at 1318. In the Second Circuit, whether a portion of a debt collection letter is deceptive to the "least sophisticated consumer" is a question of law. *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993) ("We apply an objective test based on the understanding of the 'least sophisticated consumer' in determining whether a collection letter violates section 1692e." (citing *Clomon*, 988 F.2d at 1318).

Section 1692g(a)(1) requires a debt collector to "send the consumer a written notice containing … the amount of the debt[.]" 15 U.S.C. § 1692g(a)(1). The Second Circuit explains the relationship between the two provisions as follows:

> Section 1692g concerns only the disclosures related to a consumer's need to verify a debt, not the more general disclosures that may be necessary under Section 1692e to ensure that a collection notice is not misleading. The two sections have different aims, and compliance with Section 1692g does not guarantee compliance with Section 1692e, which always applies in connection with the collection of any debt by a debt collector. We do not conclude that Congress's requiring debt collectors to state "the amount of the debt" in Section 1692g evinces Congressional approval of sending collection notices that lack disclosures about accruing interest and fees.

*Avila*, 817 F.3d at 76.

In *Avila*, the Plaintiff and another individual received collection letters that failed to disclose that their "current balance[s]" were continuing to accrue interest and that they would be charged a late fee if they failed to pay the balance within a period of time. In fact, the Plaintiff alleged that interest was accruing daily at a rate equivalent to 500% per year. This, according to the Plaintiff, was misleading because the hypothetical least sophisticated consumer might believe that, based on this letter, that her "current balance" would remain the same. *Avila*, 817 F.3d at 74. The district court granted the defendants' motion to dismiss and dismissed the plaintiffs' section 1692e cause of action, holding that a debt collector was not required to disclose that the amount of debt may increase over time as a result of interest or fees. *Id*. at 74-75. In dismissing the cause of action, "[t]he district court also expressed a concern that requiring debt collectors to disclose this information might lead to more abusive practices, as debt collectors could use the threat of interest and fees to coerce consumers into paying their debts." *Id*. at 76.

The Second Circuit vacated the district court's opinion, holding that collection letters were misleading if they revealed the "current balance" but "did not disclose that the balance might increase due to interest and fees." *Id*. at 74. The Court continued:

> A reasonable consumer could read the notice and be misled into believing that she could pay her debt in full by paying the amount listed in the notice. In fact, however, if interest is accruing daily, or if there are undisclosed late fees, a consumer who pays the 'current balance' stated on the notice will not know whether the debt has been paid in full. The debt collector could still seek the interest and

fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.

*Id*. at 76.

The *Avila* court borrowed language from the Seventh Circuit in *Miller v. McCalla, Rayner, Padrick, Cobb, Nichols, & Clerk, LLC*, 214 F.3d 872 (7th Cir. 2000) to fashion a "safe harbor" formula. In pertinent part, the safe harbor formula stated:

> As of the date of this letter, you owe $____ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1–800–[phone number].

*Id*. at 876. The *Miller* court held that if a debt collector used the specific language mentioned above, it would not violate the "amount of debt" provision of the FDCPA, specifically 15 U.S.C. § 1692g(a)(1). While debt collectors would not be required to use the above-mentioned language, use of it "discharge[s] its duty as a matter of law to state clearly the amount due." *Avila*, 817 F.3d at 77 (citing *Miller*, 214 F.3d at 876).

In the instant case, the Plaintiff alleges that the language Reliant used regarding "interest, late charges, and other charges" is false, deceptive, or misleading, because while the Plaintiff's debt is accruing interest, there are no accruing "late charges" or "other fees[.]" Reliant used the identical language of the safe harbor formula, only inserting the exact amount due and the phone number. This misconstrues the applicable sentence. The Letter states, "[b]ecause of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater." The parties do not dispute that interest continues to accrue on Avila's student loan debt. They do dispute whether "late charges" and "other fees" are accumulating and whether the safe harbor applies.

8

However, the language of the safe harbor and its applicable case law moots any need for the Court to determine the sufficiency of the Plaintiff's pleadings regarding "late fees" and "other fees." *Avila* did not require a debt collector to state whether each of these additional charges, "interest," "late charges," and "other fees," were individually increasing. The safe harbor correctly states that any of these additional charges *may* increase over time. In order for the safe harbor language to be accurate, it is only necessary for one of the three components to change. As interest was accumulating on Avila's debt, the Letter's accuracy does not need to specify which of those components fluctuate nor does it require all three to do so.

Even if the Letter was technically false, it would not violate section 1692e unless it misleads a hypothetical "least sophisticated consumer." *Avila* forecloses this potential argument. The Second Circuit provided clear direction in *Avila*: "[u]sing the language set forth in *Miller* will qualify for safe-harbor treatment." *Avila*, 817 F.3d at 77. *See, e.g.*, *Taubenfliegel v. EGS Fin. Care, Inc.*, No. 18-CV-1962-ARR-JO, 2018 WL 3079697, at *4 (E.D.N.Y. June 21, 2018). "To hold otherwise would upset the reliance interests of the many debt collectors who, taking the Second Circuit at its word, drafted collection letters based on that guidance." *Timoshenko v. Mullooly, Jeffrey, Rooney & Flynn, LLP*, No. 17-CV-4472, 2018 WL 1582220, at *4 (E.D.N.Y. Mar. 30, 2018). When viewed from the perspective of the hypothetical "least sophisticated consumer," the Letter does not contain any false, deceptive, or misleading representations.

Accordingly, the language used shall receive safe harbor treatment. *Avila*, 817 F.3d at 77. The Court finds that the Letter does not violate either section 1692e or section 1692g(a)(1).

**D. As to Judicial Estoppel**

Reliant also seeks to dismiss the complaint in its entirety on the alternative ground that the equitable doctrine of judicial estoppel precludes the Plaintiff's claims.

Judicial Estoppel is an affirmative defense properly raised on a motion to dismiss pursuant to Rule 12(b)(6). *See, e.g.*, *Evercrete Corp. v. H-Cap Ltd.*, 429 F. Supp. 2d 612, 620 (S.D.N.Y. 2006). "[It] is designed to prevent a party who plays fast and loose with the courts from gaining unfair advantage through the deliberate adoption of inconsistent positions in successive suits." *Wight v. BankAmerica Corp.*, 219 F.3d 79, 89 (2d Cir. 2000) (citing *Bates v. Long Island R.R.*, 997 F.2d 1028, 1037-38 (2d Cir. 1993)); *Rodal v. Anesthesia Grp. Of Onondaga, P.C.*, 369 F.3d 113, 118 (2d Cir. 2004) (noting that judicial estoppel "prevents a party from asserting a factual position in one legal proceeding that is contrary to a position that it successfully advanced in another proceeding"). To invoke this equitable doctrine, a party must demonstrate that: "(1) his adversary 'advanced an inconsistent factual position in a prior proceeding, and (2) the prior inconsistent position was adopted by the first court in some manner.'" *Wight*, 219 F.3d at 90 (quoting *AXA Marine & Aviation Ins. (UK) Ltd. v. Seajet Indus. Inc.*, 84 F.3d 622, 628 (2d Cir. 1996)).

"The doctrine of judicial estoppel requires that there be 'a true inconsistency between the statements in the two proceedings.'" *Amash v. Home Depot U.S.A., Inc.*, 503 B.R. 232, 236 (N.D.N.Y. 2013) (quoting *Simon v. Safelite Glass Corp.*, 128 F.3d 68, 72-73 (2d Cir. 1997)). "[I]f the statements or positions in question can be reconciled in some way, estoppel does not apply." *Negron v. Weiss*, No. 06-CV-1288, 2006 WL 2792769, at *4 (E.D.N.Y. Sept. 27, 2006). The Second Circuit "further limit[s] judicial estoppel to situations where the risk of inconsistent rulings with its impact on judicial integrity is certain.'" *In re Adelphia Recovery Tr.*, 634 F.3d 678, 696 (2d Cir. 2011) (quoting *DeRosa v. Nat'l Envelope Corp.*, 595 F.3d 99, 103 (2d Cir. 2010)).

In *Avila*, the Plaintiff "alleg[ed] that the collection notices violated the FDCPA" because "among other things, … the collection notices were misleading because they stated the 'current

balance,' but did not disclose that the balance might increase due to interest and fees" and "they believed from reading the notice that the 'current balance' was 'static' and that their 'payment of that amount would satisfy the debt irrespective of when the payment was remitted.'" 817 F.3d at 74 (internal citations omitted). Here, unlike in *Avila*, there is no contention that the outstanding debt is a static amount. Rather, Avila contends that Reliant falsely stated that "interest, late charges, and other costs" may vary when no such charges were accruing. While the disputed language in the Letter is the safe harbor formula established in *Avila*, the Plaintiff's position is not "fundamentally inconsistent" or "clearly contradictory" with her prior position in that case. *Bridgeway Corp. v. Citibank*, 201 F.3d 134, 141 (2d Cir. 2000).

The Court finds that judicial estoppel does not apply.

**E. As to Attorneys' Fees**

Reliant moves for an award of attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

If the court finds that an action under the FDCPA "was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3). A "[d]efendant "must provide evidence of plaintiff's bad faith (as opposed to counsel's bad faith) and proof that the suit was instituted for the purpose of harassment." *Hasbrouck v. Arrow Fin. Servs. LLC*, No. 1:09-CV-748, 2011 WL 1899250, at *7 (N.D.N.Y. May 19, 2011) (internal citation omitted).

The Court finds that Reliant has not met its burden in demonstrating that the Plaintiff has engaged in bad faith.

## III. CONCLUSION

For the reasons stated above, Reliant's motion pursuant to Rule 12(b)(6), to dismiss the Plaintiff's complaint is granted in part and denied in part. The Plaintiff's complaint is dismissed in its entirety. However, the Court finds that judicial estoppel does not apply and declines to award attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3). The Clerk of the Court is directed to close this case.

It is **SO ORDERED**:

Dated: Central Islip, New York

November 14, 2018

__/s/ Arthur D. Spatt__

ARTHUR D. SPATT

United States District Judge
